In re HAWKINS.

(District Court, W. D. New York. September 17, 1903.)

No. 1,322.

**1. BANKRUPTCY—PRIVATE SALE OF PROPERTY OF ESTATE—DISCRETION OF REFEREE.**

A court of bankruptcy or a referee has discretionary power to order a private sale of a bankrupt's property, with or without notice, and the action of a referee in directing such a sale ought not to be disturbed, unless it clearly appears that his discretion was improvidently exercised.

In Bankruptcy. On motion to vacate private sale of bankrupt estate by trustee pursuant to directions of referee.

Werner & Harris, for objecting creditors.

E. J. Fisk, for trustee.

HAZEL, District Judge. The Supreme Court, by general order No. 18, subd. 2 (18 Sup. Ct. vi), must be regarded as giving a construction to the bankrupt act authorizing a court, including the referee, to direct a private sale, with or without notice, for good and sufficient cause shown. District rule 14 carries out this view. On May 28, 1903, an application was made by the trustee to the referee for leave to sell the property of the bankrupt at private sale. The referee becoming satisfied that the bankrupt estate, on account of the reasons set forth in the application, would be benefited by private sale, directed such sale without notice to creditors, and pursuant thereof certain property of the bankrupt has been sold and delivered, and the purchase price fully paid. The sale of other property, consisting of lands situated in a Western state, has been agreed upon, the terms being satisfactory to the trustee, who is ready to deliver the deed upon receiving the purchase price. The discretionary power of the referee directing a private sale of a bankrupt estate ought not to be disturbed, unless it clearly appears to have been improvidently exercised. The facts appearing by the moving papers do not disclose an abuse of discretion or lack of good faith by the trustee or the appraisers or any one acting in behalf of the bankrupt estate. In the absence of such a showing the judgment of the referee that "the trustee has done remarkably well as regard both the personal property and real estate in realizing a sum therefor equal to the appraiser's valuation," will be accepted by this court as final.

Motion denied.